WHITE, A.B., Associate Judge.
Finding no error in the trial court’s evi-dentiary rulings and the existence of substantial competent evidence to establish a breach of contract, we affirm that portion of the final judgment awarding the plaintiff $88,617.00 in compensatory damages under Count I of the complaint.
However, we reverse the remaining award of compensatory damages for fraud and the associated punitive damage award. An award of compensatory damages for both breach of contract and fraud is erro *795 neous where the plaintiff fails to establish that he sustained compensatory damages based on fraud which were in any way separate or distinguishable from the compensatory damage award for breach of contract. Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981), dismissed, 415 So.2d 1359 (Fla.1982). See, e.g., Green Mountain Corp., Inc. v. Frink, 604 So.2d 579 (Fla. 4th DCA 1992). The record here does not contain any evidence to support an independent award of compensatory damages for fraud. Because compensatory damages for fraud were not properly recoverable, the award of punitive damages cannot stand. See Lake Placid Holding Co. v. Paparone, 508 So.2d 372 (Fla. 2d DCA), rev. denied, 515 So.2d 230 (Fla.1987).
As a result of our holding, we remand the cause for entry of a corrected final judgment.
AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP and DIAMANTIS, JJ., concur.