661 So.2d 1221 (1995)
HTP, LTD., etc., et al., Appellants,
v.
LINEAS AEREAS COSTARRICENSES, S.A., etc., et al., Appellees.
No. 94-2779.
District Court of Appeal of Florida, Third District.
September 13, 1995.
Rehearing Denied November 15, 1995.
Metsch & Metsch and Lawrence R. Metsch, Miami; Miller, Hamilton, Snider & Odom and Lester Bridgeman, Mobile, AL, for appellants.
Richard Hyland and William J. Brown, Miami; Hoffman & Hertzig and Carl H. Hoffman, Coral Gables, for appellees.
*1222 Before NESBITT, GODERICH and GREEN, JJ.
PER CURIAM.
The defendants, Stephen H. Gamble, HTP, Ltd., and Tyler Corporation, appeal from an adverse final judgment. We affirm.
First, we find that the trial court properly ruled that the plaintiffs' cause of action for fraud in the inducement was an independent tort that was not barred by the economic loss rule. Burton v. Linotype Co., 556 So.2d 1126, 1128 (Fla. 3d DCA 1989), review denied, 564 So.2d 1086 (Fla. 1990) ("Fraud in the inducement and deceit are independent torts for which compensatory and punitive damages may be recovered.").
Second, the defendants contend that the trial court erred by rejecting the defendants' proposed jury instruction regarding "unjustifiable reliance" that was prepared pursuant to Pieter Bakker Management, Inc. v. First Fed. Sav. & Loan Ass'n, 541 So.2d 1334, 1335-36 (Fla. 3d DCA), review denied, 549 So.2d 1014 (Fla. 1989) ("When negotiating or attempting to compromise an existing controversy over fraud and dishonesty, it is unreasonable to rely on representations made by the allegedly dishonest parties."). We disagree.
The instant case is distinguishable from Pieter Bakker because the plaintiffs did not rely upon the representations of the allegedly dishonest parties themselves, rather the plaintiffs relied upon the representations of an undisclosed agent. Wilson v. Equitable Life Assurance Soc'y of the United States, 622 So.2d 25, 28 (Fla. 2d DCA 1993) (holding that when the relationship between parties is amicable and not "plagued with distrust," a party may not necessarily be unjustified in relying on the other party's representations). Therefore, we find that the trial court properly rejected the defendants' proposed jury instruction for "unjustifiable reliance."
Lastly, the defendants contend that the trial court erred by rejecting their proposed jury verdict form and instead, using a verdict form that instructed the jury to determine whether the defendants had fraudulently induced the plaintiffs to enter into the settlement agreement and if so, to proceed to the question of damages, thereby ignoring the defendants' claim for breach of the settlement agreement. We find that the trial court properly rejected the defendants' proposed verdict form. Additionally, we find that the verdict form used was appropriate where the defendants had brought a claim for breach of contract, and the plaintiffs had raised the affirmative defense of fraud in the inducement. Poneleit v. Reksmad, Inc., 346 So.2d 615, 616 (Fla. 2d DCA 1977) ("[A] party can successfully defend against liability on a claim by showing that he was fraudulently induced to enter into the contract or transaction upon which such liability is asserted.").
Accordingly, we affirm.