685 So.2d 1240 (1996)
Kirk A. WOODSON, Petitioner,
v.
Wilma MARTIN, et al., Respondents.
No. 87057.
Supreme Court of Florida.
October 17, 1996.
*1241 Jeffrey N. Kramer, Mansfield, OH, for Petitioner.
Robert L. Rocke and Jodi L. Corrigan of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for Respondents.
Louis F. Hubener and Charlie McCoy, Assistant Attorneys General, Tallahassee, for Robert A. Butterworth, Attorney General, Amicus Curiae.
Lisa Berlow-Lehner of Szymoniak & Ridge, P.A., Boca Raton, for the Alliance of American Insurers and Liberty Mutual Insurance Company, Amici Curiae.
Barbara Burch, Lauderdale by the Sea, for American Association of Retired Persons and Consumer Federation of America, Amici Curiae.
Roy D. Wasson, and Sheila Wolfson Moylan, Miami, for Academy of Florida Trial Lawyers, Amicus Curiae.
Robert M. Rhodes of Steel, Hector & Davis, Tallahassee, and Terry S. Bienstock and Jaime A. Bianchi of Bienstock & Clark, Miami, for Florida Home Builders Association, Amicus Curiae.
Randy J. Schwartz and Linda Rohrbaugh, Orlando, for the Florida Association of Realtors, Amicus Curiae.
Wendy F. Lumish and Gary M. Pappas of Popham, Haik, Schnobrich & Kaufman, Ltd.,
Miami, for Product Liability Advisory Council, Inc., Amicus Curiae.
G. William Bissett of Hardy & Bissett, P.A., Miami, for Masonite Corporation, Amicus Curiae.
Mark A. Cohen and Fred O. Goldberg of Mark A. Cohen & Associates, P.A., Miami, for Airlines Reporting Corporation, Amicus Curiae.
SHAW, Justice.
We have for review a decision on the following question certified to be of great public importance:
IS THE BUYER OF RESIDENTIAL PROPERTY PREVENTED BY THE "ECONOMIC LOSS RULE" FROM RECOVERING DAMAGES FOR FRAUD IN THE INDUCEMENT AGAINST THE REAL ESTATE AGENT AND ITS INDIVIDUAL AGENT REPRESENTING THE SELLERS?
Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Our decision in HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla. 1996), controls. We answer the certified question in the negative, quash Woodson, and remand for proceedings consistent with HTP.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.