685 So.2d 1238 (1996)
HTP, LTD., etc., et al., Petitioners,
v.
LINEAS AEREAS COSTARRICENSES, S.A., etc., et al., Respondents.
No. 86913.
Supreme Court of Florida.
October 17, 1996.
Rehearing Denied January 8, 1997.
Lawrence R. Metsch of Metsch & Metsch, P.A., Miami, and Lester M. Bridgeman of Miller, Hamilton, Snider & Odom, L.L.C., Mobile, AL, for Petitioners.
Richard Hyland and William J. Brown, Miami, and Carl H. Hoffman of Hoffman and Hertzig, Coral Gables, for Respondents.
Lisa Berlow-Lehner of Szymoniak & Ridge, P.A., Boca Raton, for amici curiae Alliance of American Insurers and Liberty Mutual Insurance Company.
Roy D. Wasson, Miami, and Sheila Wolfson Moylan, Coconut Grove, for amicus curiae Academy of Florida Trial Lawyers.
Paul J. Schwiep of Aragon, Burlington, Weil & Crockett, P.A., Miami, for amicus curiae Florida Consumer Action Network.
SHAW, Judge.
We have for review HTP, Ltd. v. Lineas Aereas Costarricenses S.A., 661 So.2d 1221 (Fla. 3d DCA 1995), which expressly and directly conflicts with the opinion in Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995)(en banc). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Lineas Aereas Costarricenses (LACSA) sued HTP, Ltd. (HTP) alleging that LACSA was fraudulently induced into entering a settlement *1239 agreement. HTP counterclaimed asserting that LACSA was in breach of the settlement agreement and sought dismissal of LACSA's fraudulent inducement count on the ground that Florida's economic loss rule bars such a claim. The circuit court entered judgment against HTP premised upon a jury's finding of fraudulent inducement. On appeal, the Third District found that a "cause of action for fraud in the inducement [is] an independent tort that [is] not barred by the economic loss rule." HTP, Ltd., 661 So.2d at 1222.
HTP argues before this Court that LACSA neither pleaded nor proved that it had suffered personal injury or property damage, and because the parties were involved in a contractual relationship that pre-existed the alleged fraud in the inducement, the economic loss rule should have barred an award of tort damages. HTP relies on AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180 (Fla.1987), wherein we stated: "We conclude that without some conduct resulting in personal injury or property damage, there can be no independent tort flowing from a contractual breach which would justify a tort claim solely for economic losses." Id. at 181-82. HTP contends that this sentence should be interpreted to mean that the economic loss rule has obliterated causes of action for independent torts such as fraudulent inducement. We disagree. The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract. Ferguson Transp., Inc. v. North Am. Van Lines, Inc., Nos. 84,156, 84,167 (Fla. Oct. 17, 1996); see also AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180, 181 (Fla.1987) ("In the instant case, AFM has not proved that a tort independent of the breach itself was committed. Consequently, we find no basis for recovery in negligence."); Lance v. Wade, 457 So.2d 1008, 1011 (Fla.1984); Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla.1957). Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract. It normally "occurs prior to the contract and the standard of truthful representation placed upon the defendant is not derived from the contract," Woodson, 663 So.2d at 1331 (Altenbernd, J., dissenting), i.e., "whether the defendant was truthful during the formation of the contract is unrelated to the events giving rise to the breach of the contract." Williams v. Peak Resorts Int'l, Inc., 676 So.2d 513, 517 (Fla. 5th DCA 1996).
In holding that the actions of fraudulent inducement into a contract and breach of that contract are not mutually exclusive, the Williams court quoted the analysis in Bankers Trust Co. v. Pacific Employers Ins. Co., 282 F.2d 106, 110 (9th Cir.1960), cert. denied, 368 U.S. 822, 82 S.Ct. 41, 7 L.Ed.2d 27 (1961):
[O]ne who has been fraudulently induced into a contract may elect to stand by that contract and sue for damages for the fraud. When this happens and the defrauding party also refuses to perform the contract as it stands, he commits a second wrong, and a separate and distinct cause of action arises for the breach of contract. The same basic transaction gives rise to distinct and independent causes of action which may be consecutively pursued to satisfaction. "Thus, an action on a contract induced by fraud is not inconsistent with an action for damages for the deceit;...." 18 Am.Jur. 139, El. of Rem. § 14 (1st ed. 1938). "A right of action on a contract and for fraud in inducing plaintiff to enter into such contract may exist at the same time, and a recovery on one of the causes will not bar a subsequent action on the other." 50 C.J.S. Judgments § 676, p. 121 (1st ed. 1947). The courts of many states have recognized the rule that a suit on a contract and a suit for fraud in inducing the contract are two different causes of action with separate and consistent remedies.
We agree with this analysis and with the explanation provided by the court in Huron Tool & Engineering Co. v. Precision Consulting Services, Inc., 209 Mich.App. 365, 532 N.W.2d 541 (1995): *1240 Fraud in the inducement presents a special situation where parties to a contract appear to negotiate freelywhich normally would constitute grounds for invoking the economic loss doctrinebut where in fact the ability of one party to negotiate fair terms and make an informed decision is undermined by the other party's fraudulent behavior....
The distinction between fraud in the inducement and other kinds of fraud is the same as the distinction drawn by a New Jersey federal district court between fraud extraneous to the contract and fraud interwoven with the breach of contract. With respect to the latter kind of fraud, the misrepresentations relate to the breaching party's performance of the contract and do not give rise to an independent cause of action in tort.
Id. 532 N.W.2d at 545 (citation omitted).
In Woodson, the court affirmed the dismissal of a fraud in the inducement claim associated with the purchase of residential property. The court reasoned that "the nature of the damages suffered determines whether the economic loss rule bars recovery based on tort theories. If the damages sought are economic losses only, the party seeking recovery for those damages must proceed on contract theories of liability." Id. at 1329. We disagree with the Woodson court's analysis. Its reliance on our decision in Casa Clara Condominium Ass'n v. Charley Toppino & Sons, 620 So.2d 1244 (Fla. 1993), which did not address independent fraud claims at all, is misplaced. Judge Altenbernd in his Woodson dissent recognized that fraudulent inducement claims may coexist with breach of contract claims, safe from the economic loss rule because
the interest protected by fraud is society's need for true factual statements in important human relationships, primarily commercial or business relationships. More specifically, the interest protected by fraud is a plaintiff's right to justifiably rely on the truth of a defendant's factual representation in a situation where an intentional lie would result in loss to the plaintiff. Generally, the plaintiff's loss is a purely economic loss....

Woodson, 663 So.2d at 1330 (Altenbernd, J., dissenting).
We agree with Judge Altenbernd's reasoning and conclude that the Third District properly ruled that LACSA's cause of action for fraud in the inducement is an independent tort and is not barred by the economic loss rule. We also agree with the Third District's resolution of HTP's two additional issues concerning its request for an "unjustifiable reliance" jury instruction and a proposed verdict form. Accordingly, we approve the decision below. In an opinion being filed simultaneously with this one, we have quashed the Second District's decision in Woodson. Woodson v. Martin, 685 So.2d 1240 (Fla.1996).
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.