**FLORIDA COLLEGE OF OSTEOPATH-IC MEDICINE, INC., a Florida not-for-profit corporation, Plaintiff,**

v.

**DEAN WITTER REYNOLDS INC., Defendant.**

**No. 97–720–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 17, 1997.

Brent Allan Rose, Steel, Orsini & Rose, St. Petersburg, FL, for Plaintiff.

Bradford D. Kaufman, Joseph C. Coates, III, Steel, Hector & Davis, West Palm Beach, FL, for Defendant.

## *ORDER*

KOVACHEVICH, Chief Judge.

This cause of action is before the Court on the following motions and responses:

1. Defendant, Dean Witter Reynolds Inc.'s, (hereinafter "Dean Witter") Motion to Dismiss and Memorandum of Law (Docket No. 9), filed April 28, 1997.

2. Plaintiff, Florida College of Osteopathic Medicine, Inc.'s, (hereinafter "FCOM") Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Docket No. 14), filed May 30, 1997.

3. Defendant's supplemental authority in support of Motion to Dismiss (Docket No. 17), filed June 13, 1997.

4. Defendant's supplemental authority in support of Motion to Dismiss (Docket No. 18), filed July 24, 1997.

5. Defendant's Motion for Summary Judgment (Docket No. 25), filed September 18, 1997.

## I. STATEMENT OF THE CASE

FCOM was established in 1993 to operate a medical osteopathic college in the State of Florida. After FCOM's establishment, it's board of directors (hereinafter "the board") sought funding for the construction of it's college. The board chose to obtain FCOM's

funding through a bond issue to be underwritten by Dean Witter.

FCOM claims that the board's decision was based upon the representations made by Robert Mulcay (herein "Mulcay"), the Managing Director of Municipal Finance for Dean Witter, as agent and representative of Dean Witter. FCOM asserts that Mulcay advised the board not to contact any other bonding company, as Dean Witter's commitment was firm. FCOM also asserts that Mulcay provided the board with information regarding the selection of architects, contractors, and engineers, as well as, advising the board on how to work with the local city officials with the proposed plant of the college.

Further, FCOM argues that Mulcay made oral statements, to persons involved with the formation of the college, that Dean Witter would underwrite, sell, or purchase the bond used for funding FCOM. FCOM claims that the board relied on these representations by not seeking other firms to underwrite the bond, hiring personnel, expending FCOM funds, and taking other actions necessary to the establishment of a medical college.

On January 14, 1994, Mulcay and FCOM's President and Chief Executive Officer executed a letter of agreement (labeled exhibit "A" to the Complaint) confirming the appointment of Dean Witter, to serve as Investment Banker to FCOM, to underwrite the proposed bond issue, as required to fund the new college facilities and expenses. FCOM argues that this letter of agreement was binding on FCOM to appoint Dean Witter to underwrite the bond, and binding on Dean Witter to underwrite the bond.

FCOM filed a complaint on February 26, 1997, alleging the following causes of action against Dean Witter: Count I—breach of contract; Count II—detrimental reliance; Count III—negligent misrepresentation; and Count IV—fraudulent misrepresentation. Dean Witter then filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that FCOM failed to state a claim upon which relief could be granted. Subsequently, Dean Witter filed an alternative for Summary Judgment against FCOM, to which no response was filed.

Upon FCOM's failure to respond to Dean Witter's Motion for Summary Judgment, this Court entered an Order to Show Cause which stated that the Court would rule on the pending motions if FCOM did not respond. FCOM has not responded to Defendant's Motion for Summary Judgment. Therefore, the Court considers both the pending Motion to Dismiss and the Motion for Summary Judgment ripe for adjudication.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

In deciding a motion to dismiss, a court can examine only the four (4) corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). Review of matters outside of the allegations of the complaint are not proper considerations in ruling on a motion to dismiss. *Friedman v. South Carolina Ins. Co.,* 1995 WL 89447 (M.D.Fla. 1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs.,* 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). Also, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch,* 838 F.Supp. 572 (M.D.Fla.1993) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995)). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991).

### B. Motion for Summary Judgment

This circuit clearly holds summary judgment is only entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655

(11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party and in favor of the non-moving party. *Hayden v. First Nat'l Bank of Mt. Pleasant,* 595 F.2d 994 (5th Cir.1979). Factual disputes preclude summary judgment.

The Eleventh Circuit Court of Appeals has held that the moving party bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which that party believes show an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Publishing,* 9 F.3d 913, 918 (11th Cir. 1993). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). "Only when that burden has been met does that burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment" *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 606 (11th Cir.1991).

## III. ANALYSIS

Dean Witter asserts primarily three (3) reasons that FCOM's complaint fails to state a claim upon which relief may be granted: 1) the alleged underwriting "agreement" is barred by the Statute of Frauds; 2) Florida's Economic Loss Rule bars FCOM's negligent and fraudulent misrepresentation claims and; 3) FCOM failed to plead fraud with particularity, as required by Fed.R.Civ.P. 9(b).

### A. Statute of Frauds

FCOM seeks enforcement of an alleged agreement with Dean Witter to underwrite and purchase a bond issue for the construction of FCOM's College of Osteopathy. Florida's Statute of Frauds requires that contracts for the sale of securities be in writing. Specifically, Section 678.319, Florida Statutes, a provision of Article 8 of the Uniform Commercial Code adopted by Florida, provides in pertinent part:

A contract for the sale of securities is not enforceable by way of action or defense unless:

(1) There is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker, sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price.

Thus, in contracts for the sale of securities, the Statute of Frauds requires a writing that specifies quantity and price.

To comply with the Statute of Frauds all essential terms must be included in the written contract. *Canell v. Arcola Housing Corp.,* 65 So.2d 849, 851 (Fla.1953). The Eleventh Circuit stated in *Pelletier v. Stuart–James Co., Inc.,* 863 F.2d 1550 (11th Cir.1989) that an agreement that does not comply with the Statute of Frauds is unenforceable and must be dismissed.

FCOM, in its complaint, specifically alleges that Dean Witter agreed to "underwrite, sell, or purchase the bond used for funding FCOM" through a letter of agreement executed by Dean Witter's Managing Director and FCOM's President and Chief Executive Officer. This letter of agreement was in writing and was signed by both parties. However, the agreement did not state the quantity of the securities (bond) to be purchased nor the price of the securities to be purchased by Dean Witter, two of the four essential elements of the Statute of Frauds.

In response to the Motion to Dismiss, FCOM claims that the agreement is not barred by the Statute of Frauds because the agreement between FCOM and Dean Witter was not a contract for the sale of securities. Rather FCOM, argues that the agreement was merely a collateral agreement to employ Dean Witter to underwrite a bond at some future date. However, in it's responses to the Interrogatories, as attached to the Motion for Summary Judgment, FCOM specifically admits that it brought this suit to enforce the letter of agreement under which Dean Witter would purchase FCOM's bonds and that it relied on statements made by Mulcay that Dean Witter would underwrite, sell, or purchase FCOM's bond issue.

Based on the foregoing analysis, this Court finds that the letter of agreement between FCOM and Dean Witter is unenforceable as

it does not comply with the Statute of Frauds and therefore Counts I and II are barred. The Motion for Summary Judgment will be granted as to those counts.

## B. Florida's Economic Loss Rule

As to Counts III and IV, Dean Witter argues that FCOM's claims for negligent misrepresentation and fraudulent misrepresentation are precluded by the Florida Economic Loss Rule because the parties' relationship was controlled by the contract, and FCOM failed to allege conduct separate from a breach of contract.

█ Under current Florida law, "contract principles are more appropriate than tort principles to resolve purely economic claims." *Airport Rent–A–Car v. Prevost Car,* 660 So.2d 628 (Fla.1995); *Florida Power & Light Co. v. Westinghouse Elec. Corp.,* 510 So.2d 899, 900 (Fla.1987). Florida courts apply the economic loss rule to prevent tort recovery "when damages flow from a breach of contract unless the tort is independent of the breach of contract" *Brass v. NCR Corp.,* 826 F.Supp. 1427, 1428 (S.D.Fla.1993).

FCOM's negligent misrepresentation and fraudulent misrepresentation claims are barred by the economic loss rule if the claims are factually "interwoven" with the breach of contract claim. *Benedict Feeding Co., Inc. v. Priest,* 1997 WL 75605 (M.D.Fla.1997) (*citing HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,* 685 So.2d 1238 (Fla.1996)). *See Serina v. Albertson's, Inc.,* 744 F.Supp. 1113, 1117–8 (M.D.Fla.1990).

In *Serina,* this Court held that where the facts surrounding a breach of contract action are indistinguishable from an alleged tort, and where the alleged tort does not cause harm distinct from that caused by the breach of contract, a plaintiff is barred from bringing a separate tort action. "It is only when the breach of contract is attended by some additional conduct which amount to an independent tort that such breach can constitute negligence." *Accord Electronic Security Systems Corp. v. Southern Bell Telephone and Telegraph Co.,* 482 So.2d 518, 519 (Fla. 3d DCA 1986).

## Count III—Negligent Misrepresentation

█ In the instant case, FCOM's Count III is based on allegations that Dean Witter negligently represented to FCOM that they would underwrite, sell, or purchase FCOM's bond issue. FCOM further alleges that it relied on said representations to its detriment and suffered damages including, but not limited to the amount that would have been received under the bond, the anticipated value of the college and its income, and monies FCOM has incurred in anticipation of establishing its medical college. This Court finds that the allegations of Count III are patently indistinguishable from those of Count I, which is an action based on breach of contract. The alleged harm caused by the breach of contract is the very same harm alleged to exist as a result of the negligent misrepresentation. There has been no pleading of additional conduct that amounts to an independent tort that such breach can constitute negligent. The causes of action for breach of contract and negligent misrepresentation arose out of the same alleged agreement and resulted in the same damages, therefore barred by the Economic Loss Rule. Therefore, dismissal with prejudice is warranted.

## Count IV—Fraudulent Misrepresentation

The Florida Supreme Court recently clarified the application of the economic loss rule in Florida in *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,* 685 So.2d 1238, 1239, (Fla.1996). In that case, the court held:

> The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract.

*Id.*

The Court held further that "fraudulent inducement is an independent tort in that it

requires proof of facts separate and distinct from breach of contract."

*Id.*

██ FCOM alleges in Count IV of it's Complaint that Dean Witter made representations that were known to be false and made for the purpose of inducing FCOM to refrain from seeking other firms to underwrite the bond. According to the holding in HTP, an alleged fraudulent inducement will stand as an independent tort and will not be precluded by the economic loss rule. To the extent that the fraud claim in Count IV refers to fraudulent inducement, it is not precluded by the economic loss rule.

### C. Particularity Requirement of Fed. R.Civ.P. 9(b)

██ In examining the Count IV fraud claim, however, the Court applies Rule 9(b), Fed.R.Civ.P. Rule 9(b) specifies that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. FCOM should "specifically identify the individuals who made the alleged misrepresentations, the time of the alleged fraud and the place of the alleged fraud. In addition to dates, times, and names [the plaintiff] should also quote or paraphrase the alleged fraudulent representations made by [the defendant]." *Anthony Distributors, Inc. v. Miller Brewing Co.,* 904 F.Supp. 1363, 1365 (M.D.Fla.1995) (citation omitted). The reason for requiring greater specificity in cases alleging fraud is necessary in order to: (1) provide defendants with sufficient notice of the acts of which the plaintiff complains to enable them to frame a response, (2) prevent fishing expeditions to uncover unknown wrongs, and (3) protect defendants from unfounded accusations of immoral and otherwise wrongful conduct. *Knight v. E.F. Hutton and Co., Inc.* 750 F.Supp. 1109, 1114 (M.D.Fla.1990).

██ In its Complaint, FCOM has failed to specifically allege the content of the misrepresentations, when the misrepresentations were said, and to whom the misrepresentations were made. The Court finds that these allegations are patently insufficient, therefore, Count IV is dismissed, with leave to amend. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment be **granted** as to Count I (Breach of Contract), Count II (Detrimental Reliance), and Count III (Negligent Misrepresentation); but **denied** as to Count IV (Fraudulent Misrepresentation); Defendant's Motion to Dismiss be **granted** as to Count IV (Fraudulent Misrepresentation); and Plaintiff **shall have** ten (10) days from this date to file an amended complaint only for Count IV (Fraudulent Misrepresentation). **IF PLAINTIFF'S RESPONSE IS NOT FILED IN A TIMELY MANNER, COUNT IV WILL BE DISMISSED WITH PREJUDICE WITHOUT FURTHER NOTICE.**