PER CURIAM.
The appellant, Alafaya Square Associates, LTD., ten days before its $12 million loan was due to be paid, filed a complaint against the original lender, the successor lender, and affiliated entities. The third amended complaint, which named over 25 defendants, asserted claims of breach of contract, breach of fiduciary duty, conspiracy, conversion and Florida and Federal RICO violations. The trial court dismissed all of the counts except for those alleging breach of contract. Because the breach of contract claims asserted against Great Western Bank, WHC-One Investors, L.P., WHC-One Investors, Inc., and General Electric Capital Corporation still remain to be resolved, jurisdiction in this court is lacking to review the counts against these defendants that were dismissed. Southland Const., Inc. v. Richeson Corp., 642 So.2d 5 (Fla. 5th DCA 1994).
We do, however, have jurisdiction to review those dismissals which also dismissed parties from the instant lawsuit. Fla. R.App. P. 9.110(k) (“If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition”). As to these latter parties, we affirm the trial court’s orders both for the reason that the amended complaint fails to state causes of action for fraud, conversion, conspiracy and Florida and Federal RICO violations and because the claims of tortious conduct are not “intentional or negligent acts ... independent from acts that breach the contract.” HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla.1996). See also, Sarkis v. Pafford Oil Co., Inc., 697 So.2d 524 (Fla. 1st DCA 1997) (claims of fraud, civil theft and civil racketeering barred by economic loss rule).
AFFIRMED IN PART.
COBB, GOSHORN and PETERSON, JJ., concur.