LENDERMAN, JOHN C., Associate Judge.
This is an appeal from a final judgment of dismissal with prejudice. The appellant’s five-count amended complaint was dismissed with prejudice in its entirety by the trial court. We reverse the final judgment of dismissal because counts I, III, and IV of the amended complaint state a cause of action.
The primary issue for this court to decide is whether the amended complaint stated a cause of action for both negligent and intentional misrepresentation against Larry Som-erville or were these causes of action barred by application of the economic loss rule.
Stephens alleges in his amended complaint that on January 15, 1993, while doing business as Stephens Roofing, he entered into an agreement with insurance agent Larry Som-erville to purchase workers’ compensation insurance. Larry Somerville accepted $4649 as a premium. Stephens filled out a pre-printed application for Florida workers’ compensation insurance with appropriate attachments. Approximately one month after Somerville accepted the application and premium cheek, Stephens incurred a workers’ compensation claim for an injured employee. On April 7, 1993, the carrier returned the tendered premium and denied coverage.
Stephens’ amended complaint alleges causes of action for breach of contract against Nationwide Mutual Insurance Company (count I), breach of contract against Larry Somerville (count II), intentional misrepresentation of Larry Somerville (count III), negligent misrepresentation of Larry Somerville (count IV), and estoppel against Nationwide Mutual Insurance Company (count V). The trial court held that the application for Florida workers’ compensation insurance attached to the amended complaint refuted the material allegations of each cause of action, thereby precluding Stephens from properly alleging any cause of action upon which he could recover. Further, the trial court held the intentional misrepresentation and negligent misrepresentation counts in the amended complaint were barred by the economic loss rule. The economic loss rule normally bars tort recovery in an action that arises out of contractual relations.
The economic loss rule, however, “has not eliminated causes of action based upon tort independent of the contractual breach even though there exists a breach of contract of action.” HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla.1996). The supreme court also held that “[wjhere a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract.” Id. Based upon the authority of HTP and Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602 (Fla. 2d DCA 1997), we hold that Stephens’ amended complaint states causes of action in counts III and IV upon which he may recover damages, if proved.
We disagree that the attachment to the amended complaint refutes the allegations of count I (breach of contract against Nationwide) as a matter of law. The attachment, the application for Florida workers’ compensation insurance, raises factual issues that may be resolved other than by a motion to dismiss. Counts II and V (breach of contract by Somerville and estoppel against Nationwide) were abandoned by Stephens, on appeal. Thus, this court need not further decide any issue related to counts II and V.
Finally, Stephens requests that this court order the trial court to allow him to amend his complaint in order to withdraw count I and substitute another theory. This is an issue that should be resolved upon proper motion by the trial court on remand.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
BLUE, A.C.J., and NORTHCUTT, J., Concur.