PER CURIAM.
The plaintiff below, A.F.S. Services, Inc. [A.F.S.], appeals from an order dismissing Count II of its amended complaint. A.F.S. also appeals, and Lennar Florida Retail II Q.A., Ltd. [Lennar] cross appeals, from an order granting in part A.F.S.’s motion for summary judgment as to Count I of the amended complaint. We affirm in part and reverse in part.
A.F.S. entered into a Brokerage Commission and Registration Agreement [brokerage agreement] with Venturvest Realty Corporation to act as co-broker to procure a tenant *1253 for property owned by Lennar. The brokerage agreement provided that A.F.S. would be paid a brokerage commission equal to 3% of the net lease value. The brokerage agreement provided that the first one-half of the commission shall be earned by A.F.S. “within thirty (30) days after execution and acceptance of a Lease .... ” and that the second one-half of the commission shall be earned “within thirty (30) days after the Prospect’s full first month of rent is collected, ...” The brokerage agreement also provided: “No commission shall be earned by Broker in the event of a monetary default by Tenant.”
Thereafter, on January 13, 1997, the tenant and Lennar executed a lease for the rental of 14,705 square feet with a net lease value of $624,962.50. The lease required the tenant to pay a security deposit and prepaid rent. In compliance with the lease, over $54,000 was tendered and accepted by Len-nar.
Thereafter, on January 24, 1997, without A.F.S.’s knowledge, the tenant and Lennar executed a “Second Lease Addendum” for the rental of 20,273 square feet, which included the 14,705 square feet of the initial lease. Therefore, the “Second Lease Addendum” was in reality for the rental of an additional 5,568 square feet. Pursuant to the Second Lease Addendum, the tenant was required to pay a security deposit and prepaid rent for the additional space. However, the tenant failed to pay the amounts due under the Second Lease Addendum.
A.F.S. filed an amended complaint. Count I was for breach of contract against Lennar in which A.F.S. sought to recover its broker’s commission totaling $18,748, which is 3% of the net lease value of the initial lease. Len-nar raised two affirmative defenses as to Count I, unclean hands and monetary default.
A.F.S. filed its motion for summary judgment as to Count I arguing that it had earned its commission under the brokerage agreement. Lennar filed its cross-motion for summary judgment contending that the Second Lease Addendum was a modification of the initial lease dated January 13, 1997, and that the tenant committed a monetary default by not tendering the additional deposit and prepaid rent due under the Second Lease Addendum. As such, Lennar argued that A.F.S. was not entitled to its commission as a result of the monetary default stemming from the Second Lease Addendum. The trial court agreed with the position taken by Lennar and ruled that A.F.S. had not earned the $18,748 commission.
A.F.S. contends that the trial court erred by ruling that it had not earned its $18,748 commission. We agree.
Pursuant to the terms of the brokerage agreement, A.F.S. earned the first one-half of its commission after the execution and acceptance of the lease, and earned the second one-half of the commission after the collection of the first full month of rent. Therefore, once the tenant and Lennar executed the lease, and the tenant tendered, and Lennar accepted, the first full month of rent, A.F.S. had earned its entire commission of $18,748. Further, contrary to Lennar’s assertion, the monetary default under the Second Lease Addendum does not in any way affect A.F.S.’s entitlement to the commission that it had already earned. Therefore, we reverse the portion of the order finding that A.F.S. is not entitled to the $18,478 commission.
Further, we find that Count II of the complaint is barred by the economic loss rule, see HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996), and therefore, the trial court properly granted Lennar’s motion to dismiss with prejudice as to Count II. As a result of the our disposition, the issue raised in Lennar’s cross-appeal is moot.
Affirmed in part and reversed in part.