820 So.2d 325 (2001)
David M. HINTON, etc., et al., Appellant,
v.
Charles E. BROOKS and Elizabeth E. Brooks, Appellees.
No. 5D00-1058.
District Court of Appeal of Florida, Fifth District.
November 16, 2001.
Rehearing Denied July 8, 2002.
*326 Robert E. Johnson of Broad & Cassel, P.A., Tampa, for Appellant.
Samuel M. Nelson and Douglas K. Gartenlaub of Graham, Clark, Jones, Builder, Pratt & Marks, P.A., Winter Park, Anthony W. Palma of Broad and Cassel, and Joseph A. Frein, Orlando, for Appellees.
THOMPSON, C.J.
This is an appeal from a final judgment of foreclosure. We reverse.
Charles and Elizabeth Brooks (sellers) sold David and Donna Hinton (buyers) a home in "as is" condition, but also agreed to disclose defects of which they were aware. The buyers discovered extensive termite damage to the home, and ceased making the purchase money mortgage payment to the sellers. In a related case, the buyers sued the sellers.
In this case, the sellers sued for foreclosure of the mortgage, and the defendants pleaded as affirmative defenses fraud in the inducement, unclean hands, failure of consideration, and set-off. The buyers alleged, among other things, that regarding termite activity and treatment in the previous five years, the sellers wrote in their disclosure statement "caretaker reported activity and Massy [Pest Control] treated same," when between 1992 and 1997 the home had been treated for infestation twelve times.
The sellers argue that the affirmative defenses are barred by the economic loss rule, characterizing the fraud allegations as ones for fraud in the performance of a contract rather than fraud in the inducement. The allegation, however, is that the sellers misled the buyers regarding the termite activity and treatment, and other matters, and that the buyers relied on the misleading information in entering the contract. These allegations are of fraud in the inducement. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996); La Pesca Grande Charters, Inc. v. Moran, 704 So.2d 710 (Fla. 5th DCA 1998).
REVERSED and REMANDED.
HARRIS, J., concurs.
SAWAYA, J., concurs specially, with opinion.
SAWAYA, J., concurring specially.
I concur in the result reached by the majority.
David and Donna Hinton (the Hintons)[1] appeal the final summary judgment of foreclosure entered in favor of Charles and Elizabeth Brooks (the Brookses). Specifically, the Hintons claim that the trial court erred in ruling that their affirmative defenses grounded on allegations of fraud were barred by the economic loss rule and, therefore, material issues of law and fact remain regarding the Hintons' claim that they were fraudulently induced into entering into the contract for the sale of the subject property.
*327 The parties entered into a contract for the sale of a residence "as is," and the sellers, the Brookses, took back a purchase money mortgage from the Hintons, the buyers. The Hintons never paid the purchase money mortgage, however, because they discovered extensive termite damage to the residence. They instituted a suit for damages against the Brookses, the real estate broker, and Massey Services, Inc., which had performed termite inspections and treatments on the residence. The Brookses responded by filing a separate action against the Hintons on the note and mortgage.
In the Brookses' foreclosure case, which is the only action involved in the instant proceedings, the Hintons admitted the allegations of the complaint in their answer, but asserted the affirmative defense of fraud in the inducement.[2] The Hintons asserted that prior to closing, the Brookses had executed a disclosure form which represented that the residence had been owner-occupied until October 1996 and that there was only one termite treatment on the residence which "caretaker reported... and Massey treated." Contrary to these disclosures, the Hintons alleged, the house had not been solely owner-occupied and the Brookses knew or should have known that the residence had been treated for termite infestations a minimum of twelve times in the pertinent five-year period. The Hintons further averred that a report issued to them by Massey Services, Inc. at the Brookses' request failed to disclose all of those treatments, and, in fact, falsely advised that relevant exclusions from the termite bond coverage were not caused by prior termite infestation or treatment but rather resulted from the proximity of the residence to a certain well. In addition to the termite-related claims, the Hintons also alleged the existence of several substantial roof and pool-related problems. The Hintons claimed that they would not have purchased the residence if they had been aware of the above facts and that the above facts were not readily apparent upon reasonable inspection or inquiry.
The Brookses moved for summary judgment on the ground that the defenses were barred as a matter of law by the economic loss rule. The motion argues that the Hintons were attempting to allege fraud in the inducement, which is excepted from the economic loss rule, but were actually alleging fraud in the performance, which is not excepted. Our reading of the affirmative defense, however, clearly reveals that the allegations concern fraud in the inducement.[3]
*328 The specific issue we must determine is whether the economic loss rule bars the affirmative defenses raised by the Hintons. I agree with the majority that it does not and that summary judgment was improperly entered.
In Krol v. City of Orlando, 778 So.2d 490, 491-92 (Fla. 5th DCA 2001), this court enunciated the appropriate standard of review that must be applied to appellate review of a summary judgment:
The proper standard of review of a summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000); Sierra v. Shevin, 767 So.2d 524 (Fla. 3d DCA 2000). In order to determine the propriety of a summary judgment, this court must resolve whether there is any "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). Generally, "[t]he party moving for summary judgment has the burden to prove conclusively the nonexistence of any genuine issue of material fact." City of Cocoa v. Leffler, 762 So.2d 1052, 1055 (Fla. 5th DCA 2000) (citing Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966)). We must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party, the Appellants, and if the slightest doubt exists, the summary judgment must be reversed. See Sierra.

Because the trial court erred in holding that the Hintons' affirmative defenses should be excluded, application of this standard of review to the instant case clearly reveals that material issues of fact remain for the trier of fact to resolve at trial and that the Brookses were not entitled to judgment in their favor as a matter of law.
Affirmative defenses based on allegations of fraud are generally considered valid defenses to a mortgage foreclosure action. Johnson v. Claims Prevention & Mgmt. Servs., Inc., 673 So.2d 558 (Fla. 1st DCA 1996); Norris v. Paps, 615 So.2d 735, 737 (Fla. 2d DCA 1993) (citing Lake Region Hotel Co. v. Gollick, 110 Fla. 324, 149 So. 204 (1933)); see also Najera v. Nationsbank Trust Co., N.A., 707 So.2d 1153 (Fla. 5th DCA 1998). Moreover, as the court stated in Norris, "[a]t least in some, if not all, cases, fraud in the inducement of a note or mortgage is a compulsory counterclaim to an action in foreclosure on the note or mortgage." Norris, 615 So.2d at 737 (citations omitted); see also Key Credit, Inc. v. Espirito Santo Bank of Fla., 610 So.2d 568 (Fla. 3d DCA 1992).
The trial court ruled that the affirmative defense of fraud in the inducement was an improper defense in a mortgage foreclosure action based on the economic loss rule. This was error. The economic loss rule does not prevent such defenses to a mortgage foreclosure action. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 661 So.2d 1221 (Fla. 3d DCA 1995), aff'd, 685 So.2d 1238 (Fla.1996); see also Nerbonne, N.V. v. Lake Bryan Int'l Props., 689 So.2d 322 (Fla. 5th DCA 1997).
Moreover, the economic loss rule does not bar a direct action for damages based on fraud in the inducement. HTP, Ltd. v. *329 Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996); Davich v. Norman Bros. Nissan, Inc., 739 So.2d 138 (Fla. 5th DCA 1999), rev. denied, 760 So.2d 947 (Fla.2000); La Pesca Grande Charters, Inc. v. Moran, 704 So.2d 710 (Fla. 5th DCA 1998); see also Comptech Int'l, Inc. v. Milam Commerce Park, Ltd., 753 So.2d 1219 (Fla.1999);[4]Mejia v. Jurich, 781 So.2d 1175, 1178 (Fla. 3d DCA 2001) (stating, "[W]hen fraudulent misrepresentations in the formation of the contract are alleged, as is the case here, the economic loss rule does not bar recovery.") (citations omitted). If the economic loss rule does not bar a direct cause of action based on fraud in the inducement, it makes no sense to say that it would bar an affirmative defense to a foreclosure action based on the same fraudulent conduct.
In arguing that the economic loss rule bars the affirmative defense in the instant case, the Brookses rely mainly on Pressman v. Wolf, 732 So.2d 356 (Fla. 3d DCA 1999). Pressman is distinguishable from the instant case. Pressman involved a direct cause of action by the buyer to recover damages for breach of contract and fraudulent misrepresentations. The instant case, on the other hand, involves an affirmative defense to a mortgage foreclosure action based on allegations of fraudulent inducement.
The rationale in Pressman is that a buyer cannot buy "as is" and then claim to be misled by misrepresentations about obvious defects, especially when the buyer has reports indicating that the full extent of the problem cannot be ascertained without further expenditures. In fact, the court in Pressman referred to the house as the functional equivalent of a "one-eyed horse." Although the contract in the instant case contained an addendum that provided that the Hintons purchased the property "as is," the defects in the instant case are alleged by the Hintons to be latent. Based on the record before us, we cannot say that the Hintons are like the buyer in Pressman whose eyes were apparently wide open except when it came to the obvious defects in the premises. Furthermore, there was an integration clause in the Pressman contract which stated that no representations were being made other than those in writing. Here, there is no integration clause, but a reiteration that the Brookses had a duty to disclose defects. Finally, the court in Pressman reviewed a final judgment after trial while we, on the other hand, review a summary judgment.
When a mortgagor asserts fraud as a defense to a mortgage foreclosure action, issues of fact are usually created which *330 generally prevent disposition of the action pursuant to a motion for summary judgment. See e.g., Najera; James v. Nationsbank Trust Co. (Fla.) Nat'l Assoc., 639 So.2d 1031 (Fla. 5th DCA 1994); Amazon v. Davidson, 390 So.2d 383, 385 (Fla. 5th DCA 1980) ("Generally, the issue of fraud is not a proper subject of a summary judgment since it is a subtle thing requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud.") (citation omitted) (footnote omitted). Based on the record before us and the standard of review we have applied, the instant case is no exception.
NOTES
[1] It appears that the contract was negotiated and signed by David and Donna Hinton, but the contract was closed by an entity referred to in the parties' briefs as the Donna T. Hinton Family Trust. Apparently David and Donna Hinton were co-trustees of this trust.
[2] The other affirmative defenses alleged are unclean hands, failure of consideration, and set-off, which all appear to be based on the alleged fraudulent conduct which forms the allegations of the fraud in the inducement defense. The Brookses' motion for summary judgment lumps all of these affirmative defenses into the general argument directed to the allegations of fraud. Although the affirmative defenses do seem to rely on the alleged fraudulent conduct of the Brookses prior to execution of the contract, promissory note, and mortgage, it is difficult to ascertain whether the trial court considered each affirmative defense separately.
[3] In HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996), the court held that fraud in the inducement is a tort claim that is not barred by the economic loss rule. In making this pronouncement, the court differentiated between fraud in the inducement and fraud in the performance of the contract, which may be barred by the rule. In some cases, this distinction is not an easy one to make, but this case is not one of them. In La Pesca Grande Charters, Inc. v. Moran, 704 So.2d 710, 712 (Fla. 5th DCA 1998), this court, in making the distinction, stated:

If a fraud is perpetrated which induces someone to enter into a contract, there is a cause of action for fraud and the remedies attendant to that particular tort are available. If there is no fraud inducing someone to enter into a contract, but the contract is breached, the cause of action sounds in contract and contract remedies are available.
The affirmative defenses asserted by the Hintons are unquestionably based upon alleged fraudulent conduct that induced them into entering into the contract, note, and mortgage.
[4] In Comptech International, the supreme court, in explaining its perceived need to curtail expansion of the economic loss rule, quoted the following passage from Moransais v. Heathman, 744 So.2d 973, 981-82 (Fla.1999):

More recently this Court has recognized the danger in an unprincipled extension of the rule, and we have declined to extend the economic loss rule to actions based on fraudulent inducement and negligent misrepresentation. See PK Ventures, Inc. v. Raymond James & Assoc., 690 So.2d 1296 (Fla.1997) (negligent misrepresentation); HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996) (fraudulent inducement). In HTP, Ltd., we held that a claim for fraudulent inducement constituted a tort independent from the underlying contract and, therefore, was not barred by the economic loss rule.... 685 So.2d at 1239; see also Woodson v. Martin, 685 So.2d 1240 (Fla.1996). We relied on this reasoning in PK Ventures, wherein we held that the economic loss rule did not preclude a cause of action by the buyer of commercial property against the seller's broker for negligent misrepresentation. 690 So.2d at 1297. Both HTP, Ltd. and PK Ventures demonstrate our recent determination to limit the application and reach of the economic loss rule.
753 So.2d at 1225.