886 So.2d 270 (2004)
Rick A. SWOPE, Appellant,
v.
Santo DiMARCO and Rosanna DiMarco, husband and wife, Larry Lunsford, and Triple AAA Realty, Inc., a Florida Corporation, Appellees.
No. 4D03-4612.
District Court of Appeal of Florida, Fourth District.
November 3, 2004.
Frank J. McKeown, Jr. of McKeown and Associates, P.A., West Palm Beach, for appellant.
No brief filed on behalf of appellees.
WARNER, J.
Appellant's complaint alleging fraud in the inducement of a real estate contract was dismissed with prejudice. We reverse because the fraudulent inducement claim was not barred by the economic loss rule.
Appellant, Rick Swope, filed a complaint in 2002 alleging that he had entered into a *271 contract to purchase a home from appellees, Santo and Rosanna DiMarco, with appellee Triple AAA Realty acting as broker. The sale closed in 1997. Swope claimed that while the defendants affirmatively represented that there were no matters or defects that affected the property's value, they knew or should have known that latent material defects were present, including flooding of the home during inclement weather and structural defects with the patio and family room. His complaint alleged damages based upon the defendants' fraudulent inducement to purchase the property. After the defendants moved for a more definite statement, Swope amended the complaint to allege that he discovered the defects in 1998, within four years of bringing the complaint, when the property flooded.
The defendants filed a motion to dismiss alleging that the suit was barred by the economic loss rule, because Swope failed to allege property damage independent of the breach of contract. The court granted the motion and dismissed Swope's complaint with prejudice. This appeal follows.
In HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla.1996), the supreme court held "[t]he economic loss rule has not eliminated causes of action based upon torts independent of [a] contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract." The case came to the court on conflict with Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995). The court disapproved the majority in Woodson and approved Judge Altenbernd's dissenting opinion. HTP, 685 So.2d at 1240. Woodson involved a claim by a buyer of residential real estate for fraudulent inducement by the seller and broker. Woodson, 663 So.2d at 1327-28. The buyer alleged that the home had defects that were not revealed by the seller and were only discovered after the buyers moved into the home. Id. at 1327. In reviewing the case, the supreme court said:
Judge Altenbernd in his Woodson dissent recognized that fraudulent inducement claims may coexist with breach of contract claims, safe from the economic loss rule because the interest protected by fraud is society's need for true factual statements in important human relationships, primarily commercial or business relationships. More specifically, the interest protected by fraud is a plaintiff's right to justifiably rely on the truth of a defendant's factual representation in a situation where an intentional lie would result in loss to the plaintiff. Generally, the plaintiff's loss is a purely economic loss....
HTP, 685 So.2d at 1240 (citing Woodson, 663 So.2d at 1330 (Altenbernd, J., dissenting)). See also Hinton v. Brooks, 820 So.2d 325, 326 (Fla. 5th DCA 2001) (finding claim of fraudulent inducement to purchase real estate by failing to reveal extensive termite damage was not barred by economic loss rule).
In this case, Swope alleged that the defendants misrepresented that the property was free from defects in order to induce him to enter the contract. After Swope moved into the home, he discovered material defects in the property, of which he alleged that the sellers were or should have been aware, and that their failure to notify him of such defects constituted fraudulent inducement. These allegations are indistinguishable from the facts of Woodson. While Woodson held that the economic loss rule barred the plaintiff's fraudulent inducement claim, HTP disapproved Woodson and held that this type of *272 fraudulent inducement claim is not barred by the economic loss rule.
The court erred in dismissing the complaint with prejudice. We reverse and remand for further proceedings.
STONE, J., and BRYAN, BEN L., JR., Associate Judge, concur.