**BURGER KING CORP., Plaintiff,**

v.

**Harold HOLDER and Robert Valencia, Defendants.**

No. 90–0920–CIV.

United States District Court, S.D. Florida.

Feb. 5, 1993.

T. Joan Lawrence, and Joseph P. Averill, Miami, FL, for plaintiff Burger King Corp.

Howard D. DuBosar, Kluger, Peretz, Kaplan & Berlin, P.A., Boca Raton, FL, for defendant Harold Holder.

Frank Milanese, New Orleans, LA.

Dennis R. Ferguson, Stagg, Hardy, Ferguson, Murnaghan & Mathews, P.A., Tampa, FL.

## ORDER ON MOTIONS TO DISMISS

NESBITT, District Judge.

This cause comes to the Court upon Burger King Corp. and Blackerby's ("Burger King") Motion to Dismiss Defendant Counter–Plaintiff Harold Holder's Amended Counterclaim; Gappa and Rackstraw's Motion to Dismiss For Lack of Personal Jurisdiction;[1] and Banc One Leasing and Ted Cianchette's ("Banc One") Motion to Dismiss Defendant Counter–Plaintiff Harold Holder's Amended Counterclaim.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The court, however, must confine its analysis to an application of law to the allegations pleaded in the complaint, must accept those allegations as true, and must resolve any factual issues in a manner

1. Gappa and Rackstraw have also adopted Burger King's Motion to Dismiss.

favorable to the nonmovant. *See Quinones v. Durkis,* 638 F.Supp. 856, 858 (S.D.Fla. 1986). Thus, a claim may be dismissed pursuant to Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 72, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

After careful consideration of this standard and the parties' arguments it is ORDERED and ADJUDGED as follows:

I. Burger King's Motion to Dismiss Holder's Amended Counterclaim

A. Burger King's Motion to Dismiss Counts I, II, VIII and IX of Holder's Counterclaim.

■ Burger King maintains that Holder's counts based on fraud and negligent misrepresentation should be dismissed because *"the vast majority* of the alleged misrepresentations asserted by Holder cannot serve as a basis for fraud or negligent misrepresentation claim as a matter of law."[2] The Court need not address Burger King's arguments on the challenged allegations because it finds and, indeed, Burger King concedes,[3] that, at a minimum, paragraphs 30, 68, 99 and 105 state a cause of action for fraud and negligent misrepresentation. *See, also,* para. 63. Specifically, Holder alleges that Burger King misrepresented that financial reports were accurate and that Holder relied on these material misrepresentations to his detriment.

Accordingly, Burger King's motion to dismiss these counts is DENIED.

B. Burger King's Application to Dismiss Count III.

■ Burger King maintains that Count III should be dismissed because the implied covenant of good faith and fair dealing is not actionable absent a breach of the contract's express terms. The Court agrees. Holder has not alleged any breach of the contract's express terms. In *Alan's of Atlanta, Inc., v. Minolta Corp.,* 903 F.2d 1414 (11th Cir.1990), the Eleventh Circuit held that where the plaintiff had not alleged a breach of the contract's express terms the trial court correctly granted summary judgment in favor of the defendant on a count alleging breach of the implied duty of good faith and fair dealing. The Eleventh Circuit explained that the plaintiff

sought to set the implied covenant up as an independent term in its contract, subject to breach apart from any other. The district court rejected this attempt, and rightly so, for the "covenant" is not an independent contract term. It is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms *de facto* when performance is maintained *de jure.* But it is not an undertaking that can be breached apart from those terms.

*Id.* at 1429.

*Alan's* is consistent with Florida authority addressing this issue. *See, e.g., Flagship Nat'l Bank v. Gray Distrib. Sys., Inc.,* 485 So.2d 1336, 1340 (Fla. 3rd Dist.Ct.App.), *rev. denied,* 497 So.2d 1217 (Fla.1986). Because Holder has not alleged a breach of the contract's express terms this count cannot stand.

Accordingly, Count III of Holder's Amended Counterclaim is DISMISSED.

C. Burger King's Application to Dismiss Count IV.

■ Burger King asserts that Holder's claim based on the Florida Franchise Act ("FFA"), Fla.Stat. § 817.416, must be dismissed because all of Holder's franchises are located in Kansas. The FFA makes it illegal for any "person" to knowingly misrepresent information concerning the sale or establishing of a franchise, and provides a civil cause of action to recover moneys invested in such a franchise as well as attorney's fees. The parties agree that there are no cases which address whether § 817.416 applies to the sale of franchises located in other jurisdictions. Section 817.416(1)(a), however, defines person as an "individual, partnership, corporation, association, or other entity doing business in Florida" and prohibits that "person" from misrepresenting information relating to a franchise sale.

---

**2.** Burger King Memorandum of Law at 1 (emphasis added).

**3.** *See* Burger King Memorandum at 3 n. 3.

Thus, the statute applies to persons doing business in Florida who misrepresent information related to the sale or establishing of a franchise. Holder alleges that Burger King does business in Florida and that portions of this transaction were conducted in Florida.

Accordingly, Burger King's application to dismiss Count IV is DENIED.[4]

### D. Burger King's Application to Dismiss Count XIV.

Burger King maintains that Count XIV of Holder's Amended Counterclaim should be dismissed because "the vast majority" of Holder's allegations cannot serve as the basis for a fraud or negligent misrepresentation action. The Court has already determined that this argument is meritless because the Amended Counterclaim alleges that Burger King expressly misrepresented information to Holder.

Accordingly, Burger King's application to dismiss Count XIV is DENIED.

### E. Holder's Application for Sanctions

■ Holder has moved for sanctions in the form of attorney's fees incurred responding to Burger King's motion. The Court finds that such relief is appropriate with regard to fees incurred responding to Burger King's argument that the fraud and negligent misrepresentation counts should be dismissed. Burger King's position can only be characterized as frivolous in light of its contemporaneous concession that Holder has alleged sufficient facts to support these counts in paragraphs 30, 68, 99, 105. *See also* para. 63. Accordingly, Holder's motion for attorneys' fees is GRANTED pursuant to Fed.R.Civ.P. 11. Holder shall submit an affidavit of attorney's fees reflecting the fees incurred responding to section I and IV of Burger King's memorandum of law within ten (10) days from the entry date of this Order.

### II. Gappa and Rackstraw's Motion to Dismiss for Lack of Personal Jurisdiction.

■ Gappa and Rackstraw argue that the Court cannot exercise personal jurisdiction over them because they are not Florida citizens as alleged by Holder and because Holder cannot use the Florida Long Arm Statute, Fla.Stat. § 48.193, as a basis for personal jurisdiction because he did not allege § 48.193 as a basis for personal jurisdiction in his pleading. This argument is misguided.

Federal Rule of Civil Procedure 8(a) does not require a plaintiff to plead the basis for personal jurisdiction over a defendant. *Stirling Homex Corporation v. Homasote Company*, 437 F.2d 87 (2nd Cir.1971). Thus, the Court's personal jurisdiction over the parties does not depend on the allegations of citizenship contained in Holder's Counterclaim which Gappa and Rackstraw assailed in their motion. Moreover, even under Florida law a plaintiff may invoke personal jurisdiction over a nonresident defendant by pleading *either* the language of § 48.181, *see* Fla. R.Civ.P. 1.070(i); *see also Venetian Salami Co. v. Parthenais*, 554 So.2d 499 (Fla.1989), or by alleging sufficient substantive facts to support personal jurisdiction under § 48.181. *See, W.C.T.U. Ry. Co. v. Szilagyi*, 511 So.2d 727 (Fla. 3rd Dist.Ct.App.1987); *Kimbrough v. Rowe*, 479 So.2d 867 (Fla. 5th Dist.Ct.App. 1985). Although Holder does not allege the specific statutory language upon which he is basing jurisdiction, he does allege facts which would support personal jurisdiction. This is all that is required. Because Holder was not required to specifically allege the basis for personal jurisdiction in his complaint, and because Gappa and Rackstraw have not challenged Holder's substantive allegations as an insufficient basis to assert personal jurisdiction, Gappa and Rackstraw's motion to dismiss is DENIED.

### III. Banc One Leasing Corporation and Ted Cianchette Motion To Dismiss Amended Counterclaim

### A. Counter–Defendants Banc One Leasing Corporation and Ted Cianchette ("Banc One") Application to Dismiss Counts V, VI, X and XI of Holder's Amended Counterclaim.

■ Banc One moves to dismiss Counts V, VI, X and XI because these counts fail to

---

4. The Court also rejects Burger King's argument that Holder has failed to allege the requisite elements of a § 817.416 action.

"demonstrate" the existence of any misrepresentation of material fact, breach of any duty of disclosure, or reasonable reliance upon statements made by Banc One. Banc One appears to confuse a party's duty to disclose, with a party's liability for explicit misrepresentations. Holder alleges that Banc One represented to Holder that it would conduct certain investigations and assume certain responsibilities in connection with the underlying transaction and that Banc One failed to fulfil those representations. In essence, Holder's Counterclaim alleges that Banc One made representations which were either completely untrue, or misleading because they were incomplete. For instance, Holder alleges that Banc One misrepresented that the financial statements submitted by the sellers was accurate. Holder also alleges that Banc One represented that they knew another counter-defendant, Ahmed, well, and that it would insure that Ahmed's business was strong and his loans secure but did not tell Holder that Ahmed was delinquent on a $1,000,000.00 loan to Banc One.

These allegations are actionable. In *Ramel v. Chasebrook Construction Company*, 135 So.2d 876 (Fla.1961), relied on by Banc One, the Court held that absent a fiduciary relationship a party has no duty to disclose material facts *unless* that party "undertakes to do so he must disclose the whole truth." *Id.* at 882 (emphasis added). Moreover, in *Besett v. Basnett*, 389 So.2d 995 (Fla.1980) the Florida Supreme Court held that

> a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him. We ... disapprove all other decisions inconsistent with out holdings in this case.

*Id.* at 998.

In this case, Holder's allegations would support a finding that Banc One had superior knowledge than Holder, that it chose to disclose certain information but not other information to Holder and that other representations were entirely false.

Accordingly, Banc One's application to dismiss Counts V, VI, X and XI of the Amended Counterclaim is DENIED.

**B. Banc One's Application to Dismiss Count VII.**

■ Banc One asserts that Count VII for breach of fiduciary duty should be dismiss because Holder has failed to sufficiently allege such a duty. In *Barnett Bank of West Florida v. Hooper*, 498 So.2d 923 (Fla.1986), the Florida Supreme Court addressed the issue of when a lending institution assumes a fiduciary relationship to the lender. The Court held that a bank may have a duty to disclose confidential information concerning other clients under "special circumstances" such as "where a bank, having actual knowledge of fraud being perpetrated upon a customer, enters into a transaction with that customer in furtherance of the fraud, or where the bank has established a confidential or fiduciary relationship with a customer." *Id.* at 925. Holder's allegations could support a jury finding that either or both of these conditions existed and thus could support a finding that Banc One had a duty to disclose material facts to Holder.

The cases cited by Banc One to support its position that no fiduciary duty existed are inapposite. These cases simply hold that the mere relationship of debtor and creditor is insufficient to create a fiduciary relationship. Holder has alleged not only a debtor creditor relationship but also that Burger King affirmatively representing that Banc One would assume certain responsibilities and duties for Holder. A reasonable jury could find that these affirmative representations created a "special relationship of trust" between Banc One and Holder and that, therefore, Banc One had a fiduciary duty to disclose material information to Holder.

Accordingly, Banc One's application to dismiss Count VII is DENIED.

**C. Banc One's Application to Dismiss Count XV.**

Banc One asserts that Count XV seeking recision should be dismissed because Holder has not allege any fraud and because the status quo cannot be restored. The Court

has already determined that Holder has alleged sufficient facts to support a cause of action for fraud.

Accordingly, Banc One's application to dismiss Count XV is DENIED.[5]

DONE and ORDERED.

---

5. All parties who have not filed answers to Holder's Amended Counterclaim shall do so, pursuant to Federal Rule of Civil Procedure, by February 11, 1993. Burger King's Motion for Oral Argument is DENIED. Burger King's Motion for an Extension of Time to file a pretrial stipulation is GRANTED until February 8, 1992. Burger King shall deliver a courtesy copy of the pretrial stipulation to chambers. Failure to timely file the pretrial stipulation may result in dismissal. Burger King's November 17, 1992 Motion for a Continuance is DENIED as moot in light of the Court's granting its January 5, 1992 Renewed Motion for a Continuance.