**Richard T. CHIROFF, M.D., Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**No. 00-10051-CIV.**

United States District Court, S.D. Florida.

Nov. 16, 2000.

---

Michael M. Tobin, Michael M. Tobin, P.A., Coral Gables, FL, for Richard T. Chiroff, plaintiff.

Alan Harrison Brents, Katz Kutter Haigler Alderman Bryant & Yon, Tallahassee, FL, Ralph Colby Losey, Katz Kutter Hai-

gler Alderman Bryant & Yon, Orlando, FL, for Life Insurance Company of North America, defendant.

## *ORDER*

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon the Report and Recommendation issued by Magistrate Judge Barry L. Garber on October 18, 2000 and plaintiff's objection thereto. Upon a *de novo* review of this matter, it is

ORDERED AND ADJUDGED that Magistrate Judge Garber's Report and Recommendation is APPROVED and ADOPTED in all respects. Accordingly, it is further

ORDERED AND ADJUDGED that Defendant Life Insurance Company of North America's ("LINA") motion to dismiss is GRANTED as follows. Plaintiff's first claim is DISMISSED without prejudice with leave to refile naming CIGNA, instead of LINA, as the proper defendant. Plaintiff's second, third and fourth claims for relief are DISMISSED with prejudice. Plaintiff has fifteen days from the date of this order to amended hid complaint in accordance with this order and CIGNA has fifteen days thereafter to answer the amended complaint.

## *REPORT AND RECOMMENDATION*

GARBER, United States Magistrate Judge.

THIS CAUSE is before this Court on Defendant's Motion To Dismiss [DE# 4] by an Order of Reference entered by United States District Judge Shelby Highsmith. A hearing was held on this matter on October 5, 2000.

## *FACTUAL AND PROCEDURAL BACKGROUND*

For purposes only of considering Defendant's Motion to Dismiss, the Court presumes that the allegations contained in Plaintiff's Complaint are true. Plaintiff, who was employed by Empire Medical Management, Ltd., was insured under a group long-term disability policy ("policy"). *See* Complaint ("Compl.") ¶ 7. On April 7, 1988, Plaintiff underwent triple coronary artery bypass graft surgery. *Id.* ¶ 4. Effective July 19, 1992, Plaintiff terminated his employment due to his "deteriorating cardiovascular condition." *Id.* ¶ 10. Plaintiff subsequently submitted an application to Defendant for long term disability benefits under the policy. *Id.* ¶ 11. The application was approved, effective October 17, 1992, in the amount of $6,379 a month. *Id.* Plaintiff asserts that as a result of recurrent angina episodes and worsening advanced atherosclerosis, he was totally and permanently disabled by the criteria established by the Social Security Administration, and effective January 3, 1993, became entitled to $1,121 monthly as Supplemental Security Income (SSI) disability benefits. *Id.* ¶ 12. However, following a paper review, Defendant determined that Plaintiff no longer met the definition of "totally disabled" under the policy, and discontinued Plaintiff's long-term disability benefits on April 21, 1999. *Id.* ¶ 18.

Plaintiff disputes Defendant's determination that he is not completely and totally disabled. Plaintiff filed suit in this Court, asserting in his First Claim for Relief, that he is entitled to recover past-due disability benefits as a participant of the benefits plan established by Plaintiff's former employer, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).[1] In

---

1. 29 U.S.C. § 1132(a)(1)(B) provides in perti-    nent part:

his Second Claim for Relief, Plaintiff asserts that Defendant is equitably estopped from denying coverage and therefore, Plaintiff is entitled to a declaratory decree against Defendant for future disability benefits, pursuant to 29 U.S.C. § 1132(a)(3), 1132(g). In his Third Claim for Relief, Plaintiff alleges that Defendant breached its duty as a fiduciary of the ERISA covered policy and thus Plaintiff is entitled to relief under U.S.C. § 1132(a)(1)(B). Plaintiff's Fourth Claim for Relief asserts that Defendant breached its duties of good faith and fair dealing in failing and refusing to pay Plaintiff's disability benefits. Plaintiff is seeking to recover past due disability benefits in the amount of $153,096 plus interest for the two-year period since July 1998. Plaintiff also is seeking exemplary damages and a declaratory decree from this Court.

### STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a claim on the basis of a dispositive issue of law. *Burger King Corp. v. Holder,* 844 F.Supp. 1528, 1529 (S.D.Fla.1993) (citing *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The Court, however, must confine its analysis to the allegations as stated in the Complaint and the attachments thereto. *Brooks v. Blue Cross and Blue Shield of Florida,* 116 F.3d 1364, 1368 (11th Cir. 1997). It must accept those allegations as true and resolve all factual issues in favor of the non-moving party. *Id.; Quinones v. Durkis,* 638 F.Supp. 856, 858 (S.D.Fla. 1986). The threshold of sufficiency that a complaint must meet is "exceedingly low." *Florida College of Osteopathic Med., Inc.*

*v. Dean Witter Reynolds, Inc.,* 982 F.Supp. 862, 864 (M.D.Fla.1997) (citing *Ancata v. Prison Health Servs.,* 769 F.2d 700, 703 (11th Cir.1985)). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Accordingly, a claim may be dismissed pursuant to Rule 12(b)(6) only if it is clear that no relief can be granted under any facts consistent with the allegations. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### DISCUSSION

Defendant moves to dismiss the Complaint on the following grounds: (1) the Complaint fails to state a cause of action against Defendant, Life Insurance Company of North America ("LINA"), because the policy was not issued by LINA; (2) Plaintiff fails to state a cause of action for equitable estoppel under ERISA; (3) Plaintiff fails to state a cause of action for breach of fiduciary duty under ERISA; and (4) ERISA preempts any state law bad faith claims asserted by Plaintiff and prohibits exemplary damages. *See* Def. Mot. Dismiss at 2. The Court will discuss each one of Defendant's arguments in turn.

### I. Plaintiff's Complaint Should Name CIGNA As Party Defendant

Defendant asserts that Plaintiff failed to sue the proper party in his Complaint. Defendant states that the policy was not issued by LINA, but instead, was issued by an affiliate of LINA, the INA Life Insurance Company of New York, now known as the Cigna Life Insurance Com-

---

A civil action may be brought (1) by a participant or beneficiary ...
(B) to recover benefits due him under the terms of his plan, to enforce his rights un-

der the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

pany of New York ("CIGNA"). Current Defendant LINA and CIGNA both consent to Plaintiff repleading the Complaint with CIGNA as the named Defendant. Plaintiff also has consented to amend his Complaint to drop LINA from the Complaint and name CIGNA as Defendant. CIGNA has waived additional service of process. Accordingly, Plaintiff's Complaint should be dismissed with leave to amend to name CIGNA in lieu of LINA as party Defendant.

## II. Plaintiff's Claim For Equitable Estoppel

■ Plaintiff's Complaint asserts that pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a)(3), Defendant is equitably estopped from denying coverage for Plaintiff's long-term disability, and Plaintiff is entitled to a declaratory decree that Defendant is obligated to pay future benefits to him.[2] See Compl. ¶¶ 31, 32. Defendant counters that this claim actually is a claim for equitable estoppel and is preempted by ERISA. Defendant further asserts that Plaintiff's claim for equitable estoppel does not fall within the narrow exception in which courts in the Eleventh Circuit have permitted such relief.

At issue is the provision of the policy which defines disability as follows:

"Disability. An Employee will be considered Disabled if because of injury or Sickness: 1. He is unable to perform all the material duties of his regular occupation . . . ."

Group Long Term Disability Income Policy, Ex. A to Compl., at 3.

Plaintiff asserts that Defendant's conduct in terminating Plaintiff's disability benefits demonstrates "the existence of an inherent ambiguity in the definition of 'disability' as it applies to Doctor Chiroff." Pl.'s Mem. Opp'n at 4. Plaintiff argues that he relied on Defendant's initial approval of disability benefits and Defendant should be enjoined from changing its original definition or interpretation of the term, disability. See id. at 6.

■ Plaintiff's argument however, is unavailing. "State common law claims relating to employee benefit plans, such as equitable estoppel, are preempted by ERISA." Cagle v. Bruner, 921 F.Supp. 726, 735 (M.D.Fla.1995), aff'd, 112 F.3d 1510 (11th Cir.1997); see also Nachwalter v. Christie, 805 F.2d 956, 960 (11th Cir. 1986) (holding that there is no federal common law right to promissory estoppel under ERISA involving oral amendments to or modifications of ERISA covered employee plans because ERISA explicitly addresses those issues). The Eleventh Circuit, however, has created a very narrow common law doctrine under ERISA for equitable estoppel. Katz v. Comprehensive Plan of Group Insur., Alltel, 197 F.3d 1084, 1090 (11th Cir.1999). Equitable estoppel is only available when: (1) the provisions of the plan at issue are ambiguous; and (2) representations are made which constitute an oral interpretation of the ambiguity. Id.; see also Kane v. Aetna Life Ins., 893 F.2d 1283, 1285 (11th Cir.1990) (holding that ERISA did not preempt a plaintiff-employee's equitable estoppel claim when representations by Defendant constituted oral interpretations of certain ambiguous provisions of its benefits plan);

---

**2.** 29 U.S.C. § 1132(a)(3) provides in relevant part:

A civil action may be brought . . .
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this sub-chapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this sub-chapter or the terms of the plan.

*Cagle,* 921 F.Supp. at 735 (stating that the federal common law claim of equitable estoppel may be applied when an employee relies, to his detriment, on an interpretation of an ambiguous provision in a plan by a representative of that plan) (citation omitted). Plaintiff, however, does not argue that the policy's language is ambiguous so that "reasonable persons could disagree as to [its] meaning and effect." *Kane,* 893 F.2d at 1285. Nor does he assert that he relied on oral representations of the policy provision defining disability. Instead, he argues that Defendant's determination that Plaintiff does not meet the definition of the term, disability, renders the provision ambiguous. This argument, however, is flawed. Plaintiff is asserting a factual dispute with regard to whether or not he is disabled under the terms of the policy. Plaintiff states that "as a result of recurrent angina episodes and the aggressive nature of his atherosclerosis, he has been rendered permanently and totally disabled." Compl. ¶ 24. He disagrees with Defendant's determination that he is not totally disabled. Plaintiff further asserts that he cannot perform all the material duties of his regular occupation. *Id.* Here, Plaintiff, in fact, is not asserting that the actual language of the policy may be interpreted in different ways with regard to the meaning of the term, "disability." Instead, he is contending that he does meet the definition laid out in the policy, while Defendant contends just the opposite. Therefore, Plaintiff does not come within the narrow exception in which the Eleventh Circuit has permitted equitable estoppel.

## III. Plaintiff's Claim That Defendant Breached Its Fiduciary Duty

Plaintiff asserts that Defendant LINA is a fiduciary of the ERISA plan which covered Plaintiff and therefore has discretionary authority and responsibility for the administration of that plan, including review and final determination of disability claims, pursuant to 29 U.S.C. § 1002(21)(A).[3] Plaintiff further asserts that Defendant breached its fiduciary duty when it terminated Plaintiff's long-term disability benefits. Compl. ¶¶ 33, 34.

In *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the Supreme Court confronted the issue of whether ERISA functions as an exclusive remedy for breaches of fiduciary duties or whether remedies outside the statute can exist. The Supreme Court held that any losses, the remedy of which was not contemplated within ERISA, provide a private right of action through the "catch-all" phrase of 29 U.S.C. § 1132(a)(3). *Id.* at 510, 116 S.Ct. 1065; *see also Hamilton v. Allen–Bradley Co., Inc.,* 217 F.3d 1321, 1328 (11th Cir.2000) (stating that if a plaintiff seeks a remedy which is not contemplated by ERISA, then the catch-all provision automatically applies). Thus, under *Varity* and *Hamilton,* the catch-all provision of 29 U.S.C. § 1132(a)(3) allows causes of action for ERISA benefits based on a breach of fiduciary duty only where no cause of action for such benefits would be otherwise available under § 1132(a)(1)(B). ERISA itself acts as the safety net. *Hamilton,* 217 F.3d at 1328; *see also Blue Cross and Blue Shield of Alabama v. Sanders,* 138 F.3d 1347, 1353

**3.** 29 U.S.C. § 1002(21)(A) provides in relevant part:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, .... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

(11th Cir.1998) (stating that the plaintiff could assert an equitable claim under § 1132(a)(3) only because the plaintiff had no other available remedy).

Plaintiff argues that he is not asserting a claim for relief for breach of fiduciary duty under the catch-all phrase of § 1132(a)(3). However, Plaintiff does not dispute that he has asserted a claim for disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Therefore, Plaintiff has an adequate remedy which is contemplated within ERISA and thus, he should not be permitted to bring this separate claim for breach of fiduciary duty. *See Varity,* 516 U.S. at 514, 116 S.Ct. 1065 (stating in dicta that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.' ").

### IV. Plaintiff's State Law Claims Of Bad Faith Conduct

■ Plaintiff asserts that Defendant LINA owed duties to Plaintiff under the policy's implied covenant of good faith and fair dealing. Compl. ¶ 36. Plaintiff further asserts that in terminating his disability benefits without conducting a reasonable investigation, and in failing to timely pay the benefits, Defendant breached these duties and thus, Plaintiff is entitled to exemplary damages. Compl. ¶ 37. Plaintiff asserts a cause of action under common law and under Fla. Stat. Ann. § § 624.155 and 626.9541, for bad faith refusal to settle. *See* Pl.'s Mem. Opp'n at 16. Defendant counters that Plaintiff's state law "bad faith" claims are preempted under ERISA.

■ ERISA § 514(a), 29 U.S.C. § 1144(a), provides that ERISA "super-

sede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. A state law "relates to" an employee benefit plan if it "has a connection with or a reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Therefore, as a general rule, ERISA preempts all state laws that relate to ERISA covered plans. *See Swerhun v. Guardian Life Ins. Co.,* 979 F.2d 195, 197 (11th Cir.1992). The exception to this general rule is the "saving clause" which provides that nothing in ERISA "shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities." 29 U.S.C. § 1144(b)(2)(A). To determine whether a state statute regulates insurance within the meaning of the ERISA saving clause, the Supreme Court has adopted a two-step approach. First, the Court determines whether the statute regulates insurance from a "common-sense" viewpoint. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). The common sense test measures whether the law is specifically directed toward the insurance industry. Second, courts consider the following under the so-called McCarran–Ferguson analysis: (1) whether the [regulated] practice has the effect of transferring or spreading a policy holder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is limited to entities within the insurance industry. *Anschultz v. Connecticut Gen. Life Ins. Co.,* 850 F.2d 1467, 1469 (11th Cir.1988).

The parties do not dispute that the policy at issue is an ERISA covered plan.[4] It

**4.** 29 U.S.C. § 1002(1) defines an ERISA-covered plan as follows:

any plan, fund, or program, which ... is ... established or maintained by an em-

is well settled in the Eleventh Circuit that the common law causes of action apparently asserted by Plaintiff—bad faith refusal to pay and breach of contract—relate to an employee benefits plan and therefore fall within ERISA's express preemption clause. *See Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1214 (11th Cir.1999) (holding that plaintiff's claims for breach of contract and bad faith refusal to pay related to an ERISA covered plan and were preempted). Furthermore, Plaintiff's claims that Defendant violated Fla. Stat. §§ 624.155 and 626.9541 in not attempting to settle in good faith, arguably relate to the disability policy at issue and thus would fall within ERISA's preemption clause.

Plaintiff, however, argues that in light of the Supreme Court's recent decision in *UNUM Life Ins. Co. v. Ward,* 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), this Court should find that the saving clause of ERISA applies to Plaintiff's state law bad faith claims so that these claims are not preempted. Plaintiff states that the Supreme Court in *UNUM* "sent the clear message that ERISA does not afford [an] absolute shield ..." Pl.'s Mem. Opp'n at 16. Plaintiff appears to place much emphasis on the fact that the Supreme Court determined that the McCarran–Ferguson factors are not "essential elements ... [which] must each be satisfied," in order to find that a state statute regulates insurance and thus eludes preemption, but are only "considerations to be weighed." *Id.* Plaintiff further asserts that §§ 624.155 and 626.9541 are laws regulating insurance within the meaning of ERISA's saving clause, and thus are ex-

cepted from ERISA preemption. Plaintiff's argument, however, is overbroad.

In *UNUM,* the Supreme Court considered the issue of whether California's notice-prejudice rule is saved from ERISA preemption by the ERISA saving clause. The Supreme Court first determined that the notice-prejudice rule regulated insurance from a common sense understanding. *Id.* at 373, 119 S.Ct. 1380. Second, in the context of prior precedent, the Supreme Court considered the three factors laid out in the McCarran–Ferguson analysis. *Id.; Metropolitan Life Ins. Co.,* 471 U.S. at 742–43, 105 S.Ct. 2380; *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The Court held that the notice-prejudice rule met the second and third McCarran–Ferguson factors since it was an integral part of the policy relationship and was limited to entities within the insurance industry. *UNUM,* 526 U.S. at 373–77, 119 S.Ct. 1380. Therefore, the Supreme Court did not reject out of hand the application of the McCarran–Ferguson factors, and in fact, it stated that these factors "verified" its common-sense understanding that the notice-prejudice rule regulated insurance. *Id.* at 374, 119 S.Ct. 1380; *see also Clancy v. Employers Health Ins. Co.,* 82 F.Supp.2d 589 (E.D.La. 1999) (holding that state law causes of action are not permitted under *UNUM* ).

Plaintiff himself acknowledges that the Supreme Court gave weight to the McCarran–Ferguson factors in its analysis. Plaintiff, furthermore, appears to ignore case law in the Eleventh Circuit which clearly demonstrates that §§ 624.155 and 626.9541 have been preempted by ERISA via the application of these factors under the McCarran–Ferguson analysis. In *An-*

ployer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical, or hospital care

or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ...

*schultz,* the Eleventh Circuit conceded that § 624.155 arguably regulates insurance from a "common-sense" view. 850 F.2d at 1469. However, the court then relied on the McCarran–Ferguson analysis to determine that § 624.155 fails to meet two of the McCarran–Ferguson factors, since it does not transfer or spread policy risk, nor is it an integral part of the policy relationship between the insurer and the insured. *Id.* Thus, the court held that § 624.155 was not a law regulating insurance, fell outside the saving clause, and was preempted. *Id.; see also Swerhun,* 979 F.2d at 198 (explicitly disagreeing with the plaintiff's claim that ERISA does not preempt § 624.155); *Campagna v. Union Cent. Life Ins. Co.,* 1989 WL 62373, *2 (S.D.Fla. April 4, 1989) (holding that claim asserted pursuant to § 624.155 is preempted by ERISA); *Kritzman v. UNUM Life Ins. Co.,* 928 F.Supp. 1165, 1167 (holding that ERISA preempts claim asserted pursuant to § 626.9541).

Further weakening Plaintiff's argument, the Supreme Court in *UNUM* did not overturn prior precedent holding that even if state law remedies are saved under the common-sense test and the McCarran–Ferguson test, they may still be preempted if they conflict with a substantive portion of ERISA. It is correct that the Court specifically declined to address the issue of whether ERISA § 502(a), 29 U.S.C. § 1132(a), "provides the sole launching ground for an ERISA enforcement action." 526 U.S. at 377, 119 S.Ct. 1380. However, the Court added in a footnote that it had agreed in *Pilot Life Ins. Co.,* 481 U.S. at 52, 107 S.Ct. 1549, that § 502(a) provides the exclusive reme-

dy for enforcing ERISA. *UNUM,* 526 U.S. at 377 n. 7, 119 S.Ct. 1380 [5]; *Corporate Health Ins., Inc. v. Texas Dept. of Ins.,* 215 F.3d 526, 538 (5th Cir.2000) (holding that the "saving clause does not operate if the state law at issue creates an alternative remedy for obtaining benefits under an ERISA plan"). Given that the Supreme Court declined to revisit the issue in deciding *UNUM,* the state law remedies sought by Plaintiff create an alternative cause of action for obtaining benefits, and as such, are not protected by the saving clause.

Therefore, based on the Supreme Court's reference to its statement in *Pilot Life* that 29 U.S.C. § 1132(a), provides the exclusive remedy for enforcing ERISA, based on the Court's continued consideration of the McCarran–Ferguson factors, and based on controlling case law in the Eleventh Circuit, Plaintiff's state-law claims are not saved from ERISA preemption.

Plaintiff also argues that he is entitled to exemplary damages. This argument lacks merit. It is well-settled that ERISA's civil enforcement provision, 29 U.S.C. § 1132, does not permit recovery of extra-contractual, compensatory or punitive damages. *See Godfrey v. BellSouth Telecommun., Inc.,* 89 F.3d 755, 761 (11th Cir.1996); *Amos v. Blue Cross–Blue Shield of Alabama,* 868 F.2d 430, 431 (11th Cir.1989); *Bishop v. Osborn Transp., Inc.,* 838 F.2d 1173 (11th Cir.1988) (holding that punitive damages are not available under ERISA).

### RECOMMENDATION

For the foregoing reasons, it is

---

**5.** In *Pilot Life,* the Court held that Congress clearly expressed an intent that the civil enforcement provisions of § 502(a), be the exclusive vehicle for actions by ERISA plan participants and beneficiaries asserting improper processing of a claim for benefits.

The Court further noted that the detailed provisions of § 502(a) would be completely undermined if ERISA plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. 481 U.S. at 52–56, 107 S.Ct. 1549.

RESPECTFULLY RECOMMENDED that Defendants' Motion to Dismiss [DE# 4] be GRANTED. Plaintiff's First Claim of Relief for past-due disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) should be dismissed without prejudice and with leave to amend to name CIGNA as party Defendant in place of Defendant LINA. Plaintiff's Second Claim of Relief for a Declaratory Decree, Plaintiff's Third Claim of Relief for Breach of Fiduciary Duties, and Plaintiff's Fourth Claim of Relief for Bad Faith Conduct should be dismissed.

The parties have ten (10) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Shelby Highsmith, United States District Judge. *See* 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).