**THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC., Plaintiff,**

v.

**D.B.D. MANAGEMENT, INC., and Entertainment Management Services Inc., Defendants.**

**No. 0461251CV.**

United States District Court, S.D. Florida.

Jan. 6, 2005.

Matthew Scott Nelles, Ruden McClosky Smith Schuster & Russell, Fort Lauderdale, FL, for Plaintiff.

Michael Joseph McNerney, Mark Andrew Levy, Brinkley McNerney Morgan Solomon & Tatum, Fort Lauderdale, FL, for Defendants.

## *ORDER*

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court on Defendants' November 8, 2004 Motion to Dismiss [DE–7], and having considered Plaintiff's ("Rhino") December 8, 2004 Opposition [DE–10] and Defendants' ("DBD" and "EMS") December 21, 2004 Reply [DE–12], the Court finds as follows:

1. On September 23, 2004, Rhino filed a four-count Complaint alleging Trademark Infringement. Federal Unfair Competition, Common Law Unfair Competition, and a Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). [DE–1]. The Complaint alleges that Rhino licenses its trademarks and services to gentlemen's clubs. DBD owns such a club at 3411 North Federal Highway in Oakland Park, Florida. EMS licenses its trademarks and services. On October 1, 2003, Rhino and DBD entered into a

Trademark License Agreement. Rhino paid for the installation of distinctive trade dress. Then in August, 2004, DBD entered into a license agreement with EMS (the Scores License Agreement). Although DBD replaced much of the Rhino logos, many remained on match books, ashtrays, cocktail napkins, wall photographs and other signs. An advertisement ran in the Sun Sentinel reading "Scores at Spearmint Rhino." Rhino alleges that, having breached the license agreement, DBD continues to illegally use Rhino's trade dress and marks inside the club. The trade dress includes leopard pattern carpeting; marble wood design wall paint; black, rounded, barrel shaped chairs; a gallery of ornate framed nude photos; waitresses dressed in black shorts, tuxedo vests, cuff links and bow ties, displaying Rhino marks; and doormen dressed in formal attire. Rhino's marks are protected under Trademark Registration Number 2712739.

2. Defendants' Motion to Dismiss contains five allegations:

A. Lack of Personal Jurisdiction over EMS, a New York corporation.

B. Failure to allege EMS participated in the wrongdoing.

C. Failure to allege that Rhino owns the service mark.

D. Failing to state a cause of action for a trade dress violation in Count Two.

E. State law claims in Counts Three and Four should be dismissed if Counts One and Two are dismissed.

 3. The Complaint alleges jurisdiction in Paragraph 5 where it states that EMS operates, conducts, is engaged in, and carries on a business or business venture in Florida under Section 48.193(1)(a), Florida Statutes, and is engaged in substantial and not isolated activity in Florida under Section 48.193(2), Florida Statutes. The Complaint does not allege Section 48.193(1)(b) of the Florida Statutes as a basis for long arm jurisdiction. Rhino contends that their failure to cite Section 48.193(1)(b) does not defeat long-arm jurisdiction where they alleged sufficient facts to support a conclusion that EMS committed a tortious act in Florida. The Court agrees. *Burger King Corp. v. Holder,* 844 F.Supp. 1528, 1531 (S.D.Fla.1993); *Gill v. Three Dimension Syst., Inc.,* 87 F.Supp.2d 1278, 1284 (M.D.Fla.2000). Plaintiff concedes that it did not individually identify EMS' other actions, but contends that EMS is one of the "Defendants" who committed various acts of trademark and trade dress infringement. Since there are only two defendants charged in the Complaint, the Court will construe the plural references in the Complaint to include EMS. The Court concludes that sufficient allegations of tortious activity are alleged. Also, the Court will consider whether Rhino's allegations of carrying a business venture (Section 48.193(1)(a)) or engaging in substantial activity within the state (Section 48.193(2)) confer long-arm jurisdiction on this Court. Here, EMS has entered into a ten (10) year contract with an option to renew with a Florida corporation, DBD, and to have an exclusive license in Fort Lauderdale within a twenty (20) mile radius. EMS receives monthly payments for the license. Royalty reports are due on a monthly basis. EMS has the right to approve advertisements and marketing. EMS has the right to examine books and records. EMS consented to the jurisdiction of a court in Broward County, Florida. Had such a contract been entered into between EMS and Rhino, long arm juris-

diction would have been appropriate in Florida. *Sculptchair, Inc. v. Century Arts. Ltd.*, 94 F.3d 623, 626 (11th Cir.1996). Since sufficient minimum contacts exist between EMS and Florida so that it could anticipate being haled into Florida on the basis of the EMS–DBD contract, traditional notions of fair play and substantial justice are not violated by requiring EMS to defend this lawsuit in Florida.

4. As indicated above, Rhino has alleged that both Defendants engaged in certain acts. These general allegations are sufficient at this stage of the proceedings. Motions for more definite statement are disfavored. *Eye Care Int'l, Inc. v. Underhill*, 92 F.Supp.2d 1310, 1316 (M.D.Fla.2000).

5. Rhino has sufficiently alleged ownership of the marks. Moreover, Rhino has alleged that the trade dress is not functional. Whether Rhino has to allege that Defendants have copied every aspect of the trade dress to constitute a violation is not decided by the Court at this time.

Wherefore, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE–7] is **DENIED.**

**DONE AND ORDERED.**