**Diana WANZA Plaintiff**

v.

**AETNA HEALTH INC. Defendant**

**No. 04–21980–CIV–JORDAN.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 19, 2005.

Kelsay Dayon Patterson, Miami, FL, for Plaintiff.

Andres Gonzalez, Joan Claudia Canal, Steven M. Ziegler Pa, Hollywood, FL, for Defendant.

ORDER ON DEFENDANT'S MOTION TO DISMISS

JORDAN, District Judge.

Diana Wanza brought this action against Aetna Health, Inc. ("Aetna") alleging,

among other things, breach of contract under ERISA, 29 U.S.C. § 1001 et. seq. *See* Complaint [D.E. 1]. On August 31, 2004, Aetna filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that (1) Ms. Wanza failed to exhaust her administrative remedies before filing suit, and (2) she cannot maintain a cause of action for breach of fiduciary duty as an individual beneficiary. *See* Motion to Dismiss [D.E. 4]. On January 10, 2005, I granted Aetna's request to convert its motion to dismiss into a motion for summary judgment only on the issue of whether Ms. Wanza exhausted her administrative remedies. *See* Order [D.E. 35]. Currently, the motion to dismiss is pending only on Aetna's contention that Ms. Wanza cannot maintain a cause of action for breach of fiduciary duty. For the reasons set forth below, Aetna's motion to dismiss [D.E. 4] is GRANTED.

Aetna's motion to dismiss should not be granted unless it appears beyond doubt that Ms. Wanza could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). I must take the allegations of the complaint as true and must read the complaint to include any theory on which she can recover. *See Linder v. Portocarrero*, 963 F.2d 332, 334–36 (11th Cir.1992). A dismissal under Rule 12(b)(6) "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir.1997) (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir.1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv.*, 400 F.2d 465, 471 (5th Cir.1968) ("Dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate.")).

Aetna contends that, as an individual beneficiary, Ms. Wanza is not entitled to maintain an action for breach of fiduciary duty under ERISA. *See* Motion to Dismiss at 6. Ms. Wanza responds that Aetna "mischaracterize[s]" the complaint, which simply alleges a breach of contract cause of action under ERISA pertaining to her specific health insurance policy. *See* Response, ¶ 5 [D.E. 6]. Although Ms. Wanza appears to respond that the complaint only alleges breach of contract and does not allege a cause of action for breach of fiduciary duty, she does indeed allege in her complaint that "[t]o the extent that the Defendant was and is in a fiduciary relationship to the Plaintiff, the acts and/or omissions of the Defendant as alleged herein constituted *a breach of the fiduciary duties* owed to the Plaintiff by the Defendant." *See* Complaint, ¶ 19 (emphasis added). Thus, the complaint alleges a cause of action of breach of fiduciary duty.[1]

■ Furthermore, although Ms. Wanza alleges jurisdiction pursuant to 29 U.S.C. § 1001 et seq., and the allegations in her complaint are sufficient to meet the "exceedingly low" standard of Rule 8(a),[2] she does not allege any specific provisions of

---

1. In addition to breach of fiduciary duty, the only other claim Ms. Wanza alleges in her complaint appears to be breach of contract. *See* Complaint, ¶ 17 ("The Defendant has thereby received good and valuable premium from the Plaintiff and her employer, but nonetheless has breached the contract by refusing to pay the surgical benefit medically needed and necessary for the Plaintiff...").

2. Rule 8(a) requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard is "'exceedingly low.'" *In re Southeast Banking Corporation*, 69 F.3d 1539,

ERISA to support her breach of fiduciary duty claim against Aetna. Nor does she does cite to any specific provisions to support her claim of breach of fiduciary duty in her response to Aetna's motion to dismiss.

Aetna argues that Ms. Wanza's claim of breach of fiduciary duty fails as a matter of law under 29 U.S.C. § 1109. Specifically, § 1109 of ERISA provides for liability for breach of fiduciary duty under ERISA.[3] ERISA, specifically 29 U.S.C. § 1132(a)(2), authorizes a beneficiary to bring an action against a fiduciary who has violated § 1109.

■ As Aetna points out, the Supreme Court limited the relief available under § 1109 in *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 140, 144, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), by holding that § 1109 does not provide for an award of extra-contractual or punitive damages to an individual participant or beneficiary. Rather, any recovery for a breach of fiduciary duty under § 1109 or § 1132(a)(2) must be on behalf of the plan as a whole. *See id.* at 140, 105

S.Ct. 3085 (holding that "recovery for a violation of § 409 inures to the benefit of the plan as a whole"); *Amos v. Blue Cross–Blue Shield of Alabama*, 868 F.2d 430, 431 (11th Cir.1989) (holding that ERISA's civil enforcement scheme under § 1132(a) does not include extra-contractual or punitive damages to individual plaintiffs); *Horan v. Kaiser Steel Retirement Plan*, 947 F.2d 1412, 1418 (9th Cir.1991). Thus, under *Russell*, Ms. Wanza does not have an individual cause of action for breach of fiduciary duty under § 1109. In other words, under ERISA, Ms. Wanza can only obtain equitable relief or relief that her contract provides. *See Hunt v. Hawthorne Assocs.*, 119 F.3d 888, 907 (11th Cir.1997) (stating that the Eleventh Circuit treats actions to recover benefits under § 1132(a)(1)(B) as equitable in nature). *See also Horan*, 947 F.2d at 1417–18 ("An individual beneficiary may not pursue a fiduciary breach claim to recover benefits or remedies beyond those provided by a plan."). Accordingly, Ms. Wanza fails to state a claim as a matter of law for a breach of fiduciary duty under ERISA.[4]

Aetna's motion to dismiss/motion to strike Ms. Wanza's claim for breach of

---

1551 (11th Cir.1995). A complaint is sufficient under Rule 8 if it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Marsh v. Butler County*, 268 F.3d 1014, 1057–58 (11th Cir.2001) (en banc) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

3. The text of § 1109(a) reads as follows: "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate,

including removal of such fiduciary. A fiduciary may also be removed for a violation of section 111 of this title."

4. The Eleventh Circuit has held that § 1109 is not the exclusive remedy under ERISA for a breach of fiduciary duty. *See Hamilton v. Allen–Bradley Co., Inc.*, 244 F.3d 819, 826 (11th Cir.2001) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 511–12, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)). The Supreme Court held in *Varity* that the "catch-all" provision under § 1132(a)(3) could also provide for an individual remedy for breach of fiduciary duty, but only if no other provisions in ERISA provided appropriate relief. *See id. See also Jones v. Am. Gen. Life and Accident Insur. Co.*, 370 F.3d 1065, 1073–74 (11th Cir.2004) (holding that the district court should consider whether "the allegations supporting the [§ 1132](a)(3) claim were also sufficient to

fiduciary duty [D.E. 4] is ORANTED. The case remains pending on Ms. Wanza's other claim.

state a cause of action under [§ 1132](a)(1)(B) regardless of the relief sought, and irrespective of the Appellants' allegations supporting their other claims"). Because Ms. Wanza alleges a breach of ·contract claim against Aetna, *see* Complaint, § 17, she has a remedy under § 1132(a)(1)(B), assuming she prevails on that claim. Therefore, the remedy available to her under § 1132(a)(1)(B) precludes her from obtaining relief under the "catchall" provision of § 1132(a)(3). *See Chiroff v. Life Insur. Co. of N. Am.*, 142 F.Supp.2d 1360, 1366 (S.D.Fla.2000) (citing *Varity*, 516 U.S. at 514, 116 S.Ct. 1065) (holding that because the plaintiff has an adequate remedy which is contemplated within ERISA, he should not be permitted to bring a separate ·claim for breach of fiduciary duty under § 1132(a)(3)).